WHEATON, APPELLANT, *v.* CHANDLER, APPELLEE.

(No. 3824—Decided December 8, 1941.)

*Mr. E. L. Wheaton* and *Messrs. Heslip & Gibson,* for appellant.
*Mr. Arthur P. Feinberg,* for appellee.

CARPENTER, J.  This action for damages originated in the Municipal Court of Toledo against defendant William Young Chandler and his wife Viola Chandler. The judgment was for defendants, and plaintiff appealed to the Court of Common Pleas on questions of law and fact.  There the petition made only William Young Chandler a defendant and the trial therein proceeded against him alone.  The cause against Viola Chandler was abandoned

A jury trial being waived, the Common Pleas Court entered separate conclusions of fact and law, the judgment being for defendant, and this appeal on questions of law was taken by plaintiff.  The principal error assigned was that, on the facts as found, the judgment should have been for plaintiff.

From the conclusions of fact it appears that defendant and his wife engaged plaintiff, an attorney at law, to render legal services for them in an action in court and agreed to pay him a fee equal to one-third of any sum realized upon the claim and that he should have a lien upon the proceeds of that action as security for the payment of his fee.  A judgment for $484.24 in favor of Viola Chandler was entered and was paid to the clerk of the court, who drew his check for that amount to Viola Chandler, and gave it to plaintiff.  On this check plaintiff had a lien for his fee, $161.41.  At plaintiff's request, defendant and his wife met him at the office of the county treasurer for the purpose of endorsing and cashing the check.  "While plaintiff was holding the check in his hand, the defendant snatched it from plaintiff and converted such check to

his own use and to the use of his wife. Plaintiff did not voluntarily surrender possession of such check." Thereafter plaintiff sued defendant and wife in the Municipal Court for his fee based upon their promise to pay him for his legal services, and judgment for $161.41 for plaintiff was entered against them. In a bankruptcy proceeding, defendant listed the judgment against him and was later discharged. Nothing was paid plaintiff from the bankrupt estate, and nothing was paid him by either defendant or his wife.

This cause is based upon the alleged wrongful act of defendant in snatching from plaintiff's hand the check in which he had a property right. The petition alleges the facts practically as found by the court as above stated, and that the snatching of the check was done "wilfully, maliciously and for the purpose of cheating plaintiff out of his aforesaid fee" and that he "wilfully and maliciously converted said check and plaintiff's lien thereon" to his own and his wife's use. The prayer is for judgment for $161.41.

The amended answer alleges that defendant filed a petition in bankruptcy and in it included "the claim of the plaintiff in this cause, and also the amount claimed in plaintiff's petition." It also alleges that defendant had been discharged in bankruptcy, and that plaintiff's cause had been adjudicated in the former action, which judgment was listed in the bankruptcy petition. There is also a denial of the allegations of the petition. The amended reply admits the bankruptcy but denies that this claim was discharged therein, it being based on a wilful and malicious injury to plaintiff and his property.

The legal questions thus raised by the pleadings and the conclusions of fact are: (1) Was the judgment in the former action a bar to this alleged cause of action? and, if not, (2) is the discharge in bankruptcy a bar to this claim?

The Court of Common Pleas concluded that the matter was *res judicata* and dismissed the petition. In its opinion, that court said:

"The plaintiff's petition is an action for breach of contract for attorney fees, which claim has already been prosecuted to judgment in the prior action * * * and is therefore barred from relitigation."

*Ketcham* v. *Miller*, 104 Ohio St., 372, 136 N. E., 145, and *Hixson* v. *Ogg*, 53 Ohio St., 361, 42 N. E., 32, are cited and relied upon.

■ The court erred in its deduction that this was an action for "breach of contract for attorney fees." The former action was that, and plaintiff prevailed and it was there settled that he was entitled to the fee. This action is for a tort which was committed after the contract cause of action arose. The parties are different—the former action was against defendant and his wife based on their contract of employment of plaintiff; this cause is based upon the act of defendant alone and the proof of the contract for fees on the former judgment was but an incident to establish the amount of plaintiff's compensatory damages. Over and above that, plaintiff had to establish the later tortious act of this defendant in forcibly snatching from his hand the clerk's check on which he had a retaining lien for the money due him for his services. Proof of the check-snatching event was not necessary to establish the contract claim. Even if the former judgment had been paid in full, the plaintiff would be entitled at least to nominal damages for the tort.

From the facts found, and not from the allegations of the petition, no other conclusion can be drawn than that the tortious act of defendant was wilfully and maliciously committed. That being true, punitive damages might be awarded the plaintiff herein, had he prayed for an amount that could include such.

In *Ketcham* v. *Miller, supra,* cited by the trial court,

the plaintiff sought to claim that the breach of the contract was wilful and malicious. Here the breach of the contract was not claimed to be malicious; the later conduct of the defendant in forcibly snatching the check from the plaintiff was a malicious act.

Plaintiff could not have joined this cause of action with the former action. Among other differences, the parties were different. From the facts, it does not appear that Viola Chandler had anything to do with the commission of the tort or was a party to it.

In these respects this case differs wholly from the cases relied upon by the defendant and here urged as decisive against plaintiff's claim.

In the case of *Hixson* v. *Ogg, supra,* Hixson had sued Ogg on a note. Ogg pleaded a credit by payment of $255 and produced a receipt for it. He claimed this receipt to have been signed by Hixson, which fact Hixson denied. On trial, the credit was not allowed and judgment was awarded Hixson for the amount claimed. Hixson then caused Ogg to be indicted, charging forgery of the receipt. On trial Ogg was acquitted and sued Hixson for malicious prosecution. As an element of damages, Ogg claimed the right to relitigate his claim for the $255. The court instructed the jury that the former judgment had settled that Ogg was not entitled to that credit, and refused an instruction tendered by Ogg that "that judgment is not a bar to this action, and the question of the payment of said money can be retried here." The Supreme Court approved the court's action, but it expressly said, at page 365, "that the judgment in the former action (upon the note) was not a bar to the second action (for malicious prosecution)." That tort, like this, was committed after the contract action arose, and the court recognized the right of the plaintiff to prosecute his claim for damages. It denied to him only the right

to assert as an element of damage the credit for $255 which had been adjudged against him.

If the judgment in the former action had been for the Chandlers, the situation in this case would be similar to that in *Hixson* v. *Ogg, supra,* and plaintiff could not in this case re-assert his claim for fees. But he prevailed, and he has not received satisfaction of that element of his damage, and the *Hixson case* precludes Chandler from disputing that here. As it sustained the right of Ogg to maintain his claim for malicious prosecution, so it sustains the right of plaintiff to prosecute his tort action and his compensatory damages include consideration of the property he lost by that tort, his lien upon the check snatched from his possession.

This cause being based on established facts which amounted to "wilful and malicious injuries to the person or property" of plaintiff, the discharge of bankruptcy is not a bar. Section 17, Bankruptcy Act (Title 11, Section 35, U. S. Code).

The judgment is reversed. If the amount prayed for herein were greater than the established compensatory damages to which plaintiff is entitled, it would be necessary to remand the cause to the trial court for determination of the question of punitive damages, but as the established compensatory damages equal the amount prayed for, final judgment will be entered herein for the plaintiff for $161.41 and the costs in the lower court and herein, and the cause is remanded to that court for execution.

*Judgment reversed.*

OVERMYER and LLOYD, JJ., concur.